JOHN HARRIS, PLAINTIFF IN ERROR, v. THE STATE OF NEW JERSEY, DEFENDANT IN ERROR.

A conviction for false pretences cannot be sustained where the indictment charges that the fraud was perpetrated by the offer of an existing mortgage, and the proof was that the money was parted with on a promise to make a mortgage in the future.

---

On error to the Camden Quarter Sessions.

Argued at November Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and LUDLOW.

For the plaintiff in error, *Albert De Unger* and *John J. Crandall.*

*Contra, Wilson H. Jenkins,* prosecutor of the pleas.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The defendant was convicted, before the Camden Sessions, of the offence of obtaining money by false pretences.

The charge was thus expressed in the indictment, viz.: That the defendant "did, unlawfully, knowingly and designedly, falsely pretend and represent to the said William F. Sand [prosecutor] that a certain mortgage, bearing date June the thirteenth, A. D. eighteen hundred and ninety-one, made by the said John Harris and Gertie, his wife, to the said William F. Sand, was a genuine, *bona fide,* good and valuable mortgage on the house and lands of him the said John Harris,

at Mount Ephraim, Centre township, Camden county, New Jersey, and was a good security for the sum of fifteen hundred and fifty dollars; and the said William F. Sand, then and there believing and relying upon the said tokens and false pretenses and representations so made as aforesaid by the said John Harris, and being deceived thereby, was induced by reason of the said tokens and false pretenses and representations so made as aforesaid, to give, advance and deliver, and did then and there give, advance and deliver to the said John Harris, the sum of fifteen hundred dollars," &c.

After these averments follows a negation of the truth of the alleged statements.

From the foregoing recital, it appears that the prosecutor was defrauded of his money by the use of a designated mortgage as a false token, fortified by the assurance that it was genuine and a good security for the sum loaned.

How such a categorical statement as this appears upon the face of this indictment it is difficult to understand, when we find the transaction, as described, to be totally exploded by the testimony of the prosecutor himself as well as that of all the witnesses. The unquestioned proofs show that at the time of the imputed fraud, so far from there being a mortgage used as a false token there was then no such instrument in existence. The deception consisted of a promise to make the prosecutor a mortgage having a certain efficacy, in the future. The prosecutor thus describes the affair, viz.: "He [defendant] asked me if I had money to spare. I told him I did. He said he would give me a gilt-edge mortgage if I would lend him the money. * * * He said the property was all clear except the money he was getting from me; that he was going to pay it off, the mortgage on it, with my money, the money he was getting off of me. * * * He said he would give me the mortgage in a day or two." He further says that he never got the mortgage.

From this collation of the facts stated in the record with those narrated in the testimony, it is clear that the transactions referred to are essentially variant. The fraudulent induce-

ment that led the prosecutor to part with his property was the promise of the defendant to execute a mortgage in a day or two after the loan and payment of the money to him, with a promise that such money should be used to pay off an encumbrance on the premises, which, in substance and legal effect, is radically different from the offer of a mortgage already made, accompanied by the assurance that the property, under these present conditions, was a genuine and sufficient security.

There is no doubt with respect to the rule of criminal pleading applicable to this subject. It is the requisition that the *corpus* of the crime must be, in all matters of substance, truly stated in the record. In other words, that the *allegata* and *probata* must correspond, and it would be superfluous to cite authorities in support of a principle so familiar and rudimentary.

Without noting the other alleged errors, it is sufficient to say that, by reason of the glaring imperfection in the procedure just pointed out, this judgment must be reversed.